UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

TROY DEVON TYSON                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 1:14CV-P114-GNS

WARREN CNTY. REG'L JAIL *et al.*                                   DEFENDANTS

<u>**MEMORANDUM OPINION**</u>

     *Pro se* Plaintiff, Troy Devon Tyson, proceeding *in forma pauperis*, has filed this action pursuant to 42 U.S.C. § 1983.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons set forth below, this action will be dismissed.

## I.  SUMMARY OF CLAIMS

     Plaintiff brings this action against two Defendants:  (1) Warren County Regional Jail (WCRJ); and (2) Christopher Braz.  Plaintiff identifies Defendant Braz as an "Officer Unit 656" at the WCRJ.  He brings this action against Defendant Braz in both his official and individual capacities.  As relief, Plaintiff seeks monetary and punitive damages.

     The facts in this case appear to be straightforward.  Plaintiff states that when he was booked into the WCRJ on November 16, 2012, all of his personal property was taken from him and "entered in property basket No. 303."  Plaintiff states that the property taken was "a set of apartment keys, one lighter, one gold Michael Kors watch, two 14kt gold necklaces, a pair of Timberland boots, an Apple IPhone Four, social security card, one tube of Chapstick, one condom, a change of clothes, and three plastic bags, five hundred seventy three dollars and thirty

two cents."  Plaintiff states that he has a "personal property receipt that was given to [him] when [he] was booked, signed by officer Christopher Braz as the intake officer."

According to Plaintiff, when he was "transported" to Roederer Correctional Complex on December 3, 2013, he received his change of clothes, but none of his other property.  Plaintiff states that he asked the officer about his other personal property, and he was informed that there was no other property in basket no. 303.  Plaintiff states that the property was not seized nor did he sign it over to anyone.  According to Plaintiff, he filed a grievance about the missing property with the WCRJ.  Plaintiff states that in response to the grievance, he was told by the Chief Deputy, Misse Causey, that "upon receipts and/or pictures the Jailer Jackie Strode is willing to reimburse you."

Plaintiff states that the loss of the property has caused him hardship, to incur debt and other monetary loss, and emotional pain from losing items of sentimental value to him.  He states that some of his property can "never be replaced."  Plaintiff contends that "this is a very serious legal matter that should be handled accordingly."  He "believe[s] [his] constitutional rights were violated."

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 90 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is

2

based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. *Official-Capacity Claims*

Plaintiff sues Defendants WCRJ and Braz in their official capacities. Defendant WCRJ is not an entity subject to suit; the § 1983 claim against it must be brought against Warren County as the real party in interest. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising

that since the county police department is not an entity which may be sued, the county is the proper party); *Bradford v. Hammond*, No. Civ.A.3:05CVP459-H, 2005 WL 2739154, at *2 (W.D. Ky. Oct. 21, 2005) (construing a claim against Louisville Metro Corrections as one brought against Louisville/Jefferson County Metro Government); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive is actually a suit against Jefferson County itself).  Likewise, a claim against Defendant Braz in his official capacity is a claim against Warren County.  "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 n.55 (1978)).  Suing Defendant Braz in his official capacity is the equivalent of suing his employer, Warren County.  *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).

4

"The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted))

In the instant case, Plaintiff has not alleged that a municipal policy or custom caused his alleged harm. As nothing in the complaint demonstrates any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by Warren County, the complaint fails to establish a basis of liability against the municipality, and it fails to state a cognizable § 1983 claim as to the municipality.

Accordingly, Plaintiff's claims against WCRJ and Defendant Braz in his official capacity will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**B.  *Individual-Capacity Claim***

Plaintiff sues Defendant Braz in his individual capacity.  To state a claim under § 1983, a plaintiff must allege that 1) a right secured by the Constitution or a federal statute has been violated, and 2) the violation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010).  A complaint filed under § 1983 must show a causal connection between each of the named Defendants and the alleged constitutional deprivation.  A § 1983 complaint must allege that specific conduct by each Defendant was the proximate cause of the constitutional injury.  *King v. Massarweh*, 782 F.2d 825, 828-29 (9th Cir. 1986).  "Congress did not intend § 1983 liability to attach where causation is absent."  *Deaton v. Montgomery Cnty. Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To establish causation, Plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged."  *Id.*  When the theory of causation is a matter of pure speculation and is nothing more than a hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim.  *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

As to the individual-capacity claim against Defendant Braz, it fails for two reasons.  First, Plaintiff has failed to state a right secured by the Constitution or a federal statute that has been violated.  Plaintiff states only that he believes his constitutional rights have been violated.  He fails to state any specific right he contends has been violated.  Even construing his complaint to allege a Fourteenth Amendment due process claim or Fifth Amendment takings claim, his claim fails.

The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable

under the Fourteenth Amendment's Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533

(1984); *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled on other grounds by Daniels v.*

*Williams*, 474 U.S. 327 (1986). In order to assert a claim for deprivation of property without due

process pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post-deprivation

procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44.

Similarly, the Sixth Circuit has stated, "in section 1983 damage suits claiming the deprivation of

a property interest without procedural due process of law, the plaintiff must plead and prove that

state remedies for redressing the wrong are inadequate." *Victory v. Walton*, 721 F.2d 1062, 1066

(6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is

adequate within the meaning of *Parratt. Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir.

1985). The same rationale applies to claims under the Fifth Amendment Takings Clause; that is,

no taking has occurred absent a showing that available remedies have been pursued and have

failed to provide adequate compensation. *Hudson v. Palmer*, 468 U.S. at 539 (O'Connor, J.,

concurring).

> As explained by Justice O'Connor,
>
> [A] mere allegation of property deprivation does not by itself state a constitutional claim under either [the Due Process or Takings] Clause. The Constitution requires the Government, if it deprives people of their property, to provide due process of law and to make just compensation for any takings. The due process requirement means that Government must provide to the inmate the remedies it promised would be available. Concomitantly, the just compensation requirement means that the remedies made available must adequately compensate for any takings that have occurred. Thus, in challenging a property deprivation, the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate. When adequate remedies are provided and followed, no uncompensated taking or deprivation of property without due process can result.

*Id.* (citations omitted). Plaintiff has failed to demonstrate an inadequacy of state remedies in the

case at bar.

7

The second reason the individual-capacity claim against Defendant Braz fails is because Plaintiff fails to connect him to any of the alleged wrongdoing. While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976); *see Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (stating "officials are personally liable for damages under [§1983] 'only for their own unconstitutional behavior'") (quoting *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)).

Plaintiff claims that property he surrendered when booked into the WCRJ is now missing. The only role he alleges Defendant Braz had in this matter is that Defendant Braz signed the personal property receipt given to Plaintiff when he was booked into the WCRJ. Plaintiff alleges no wrongdoing on the part of Defendant Braz or that he was in any way involved in the loss of the property about which he complains. Having failed to causally connect Defendant Braz to any of the alleged wrongdoing, Plaintiff fails to state a § 1983 claim against him.

For these reasons, the individual-capacity claim against Defendant Braz will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

Plaintiff having failed to state a claim upon which relief may be granted, the Court will enter a separate Order dismissing this case pursuant to 28 U.S.C. § 1915A(b)(1).

Date:  December 22, 2014

Greg N. Stivers, Judge
United States District Court

cc:      Plaintiff, *pro se*
         Defendant Braz
         Warren County Attorney
4416.003

9